# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## FILE NO. 3:22-cv-185

BRADLEY P. DAVIS, on behalf
himself and those similarly situated,

        Plaintiff,

v.                            **COMPLAINT**

SELECTQUOTE AUTO & HOME
INSURANCE SERVICES, LLC

        Defendant.

Plaintiff Bradley P. Davis ("Plaintiff"), by and through his undersigned counsel, hereby submits the instant Complaint on behalf of himself, and those similarly situated, against Defendant SelectQuote Auto & Home Insurance Services, LLC ("Defendant") and in support thereof of respectfully states as follows.

## NATURE OF THE ACTION

1. Pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and all other similarly situated applicants of Defendant, that Defendant violated Title VII of the Civil Rights Action of 1964, 42 U.S.C.§ 2000e, *et seq.* ("Title VII" or "the Act") by applying a certain facially neutral employment policy in a manner described herein, that had and continues to have, a disparate impact upon African-Americans in violation of the Act.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is, and was at all relevant times, a resident of the State of North Carolina.

1

3. Defendant is a Delaware corporation with an identified principal place of business as 6800 W. 115th St., Suite 2511, Orland Park, Kansas 66211.

4. This Court has original federal question jurisdiction under Title VII, 42 U.S.C. § 2000e *et seq.*

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, Defendant operates and maintains multiple places of business in this judicial district, and Defendant is registered to transact business in the State of North Carolina.

6. The alleged cause of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

7. At all relevant times, Plaintiff and other similarly situated individuals were "individual[s]" and applicants for employment under Title VII.

8. At all relevant times, Defendant was, and is an "employer" as the term is defined by Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff satisfied his obligation to exhaust his administrative remedy on behalf of himself and all others similarly situated individuals by timely filing a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") on June 22, 2021, alleging discrimination on the basis of race.

10. On January 26, 2022, the EEOC issued a Notice of Right to Sue but due to a glitch in their system, it was not received by Plaintiff until April 4, 2022. Plaintiff timely brings this action within ninety (90) days of his receipt thereof.

11. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the

institution of this action.

## FACTUAL ALLEGATIONS

12. Plaintiff is African-American.

13. On or about January 15, 2021, Plaintiff applied for the position of senior sales agent with Defendant at its Charlotte, North Carolina location.

14. Defendant is a broker of various forms of insurance and conducts its operations throughout the country.

15. Following his successful interview, Plaintiff was extended a conditional offer of employment from Defendant on or about January 21, 2021.

16. In connection with his conditional offer, Plaintiff was asked to complete certain questionnaires in order to complete a background investigation.

17. Plaintiff provided truthful and complete responses in connection with the completion of his background investigation.

18. Plaintiff promptly completed and returned his responses to the questionnaire and provided his written consent for Defendant to perform a background investigation.

19. Among the information disclosed by Plaintiff was a misdemeanor conviction for possession of marijuana in 2006, as well as a conviction for being an accomplice to common law battery in 2007.

20. Since 2007, Plaintiff has had no arrests or convictions for misdemeanors or felonies.

21. After receiving Plaintiff's truthfully completed questionnaire, Defendant revoked its conditional offer of employment to him for the senior sales agent position.

22. In doing so, Defendant applied an established facially neutral policy of revoking conditional offers of employment from individuals who disclosed felony convictions based on the internal determination that they would be "unlikely" to obtain the necessary licensing from the states in which the applicant would do business and/or would not be approved by those providers for whom Defendant sells insurance products.

23. Defendant applied the foregoing established policy on a nationwide basis.

24. While Plaintiff truthfully disclosed the above-referenced convictions within his completed questionnaire, his background check report did not show any convictions on his record.

## TITLE VII CLASS

25. This action is maintainable as a class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and pursuant to Title VII, 42 U.S.C. § 2000e *et seq.* for discrimination based on race.

26. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Title VII Class") initially defined as follows:

> All African-American individuals who were not provided formal offers of employment for insurance sales positions based upon their conviction records at any time between 300 days prior to January 21, 2021 until the damages phase of trial in this matter.

27. Numerosity. The Title VII Class members are so numerous that the joinder of all members is impractical and the disposition of their claims as a class will benefit the parties and the Court. The names and addresses of the Title VII Class members are identifiable through application records, background check records, or other documents maintained by the Defendant, and the Title VII Class members may be notified of the pendency of this action by published and/or mailed notice. While the exact number of class members in the Title VII Class is unknown to Plaintiff at this time, upon information and belief, the class comprises at least 50 persons.

28. Commonality. Common questions of law and fact exist as to all members of the Title VII Class. These questions predominate over the questions affecting only individual members and all members of the proposed class have been harmed by Defendant's discrimination based on race. These common legal and factual questions include, among other things:

   a. Whether Defendant's facially neutral policy relating to its background checks discussed herein have a disparate impact on Plaintiff and members of the proposed Title VII Class because of their race in violation of Title VII;
   b. Whether Defendant had no legitimate business reason for its conduct.
   c. Whether there was a less discriminatory policy and practice that would have met Defendant's legitimate needs.

29. Typicality. The claims of Plaintiff are typical of those claims that could be alleged by any Title VII Class member and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All Title VII Class members were subject to the same discriminatory policy of Defendant. Plaintiff and members of the proposed Title VII Class sustained similar losses, injuries, and damages arising from the same unlawful policy.

30. Adequacy. Plaintiff is an adequate representative of the Title VII Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Title VII Class he seeks to represent. Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Title VII Class. Plaintiff has retained counsel who is experienced and competent in race discrimination claims.

31. Superiority. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Title VII Class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because

5

the loss, injuries, and damages suffered by each of the individual Title VII Class members may be modest, depending in part on mitigation efforts, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Title VII Class members to redress the wrongs done to them. Important public interests will be served by addressing the matter as a class action.

32. The cost to the court system and the public for adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed Title VII Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if the Court deems appropriate to do so, it may fashion methods to efficiently manage this action as a class action.

## COUNT I

**Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. - Race**

33. Plaintiff, on behalf of himself, individually, and all others similarly situated, reasserts the allegations set forth in the above paragraphs.

34. Defendant violated Title VII by denying employment, rescinding conditional employment offer(s), and otherwise discriminating and retaliating against African-Americans, including Plaintiff.

35. Defendant's facially neutral policy had a disparate impact upon otherwise qualified applicants for insurance sales positions with Defendant.

6

36. Defendant further violated Title VII by intentionally maintaining a policy, process, and a pattern or practice contained in its background screening and hiring process that it knew or should have known resulted in discriminatory hiring practices towards African-Americans, including Plaintiff.

36. Defendant's violation of Title VII on the basis of race was done with willful or with reckless disregard of Title VII.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all other similarly situated individuals who join this action demand and pray for:

a) This Court to Order the Defendant to file with this Court and furnish to counsel for Plaintiff a list of all names, telephone numbers, home addresses and email addresses of all employees who have been denied employment for insurance sales positions as the result of Defendant's background screening process and policy from January 1, 2020 to the present.

b) An Order certifying this action as a class action under Title VII and designating the above Plaintiff as representative on behalf of all those similarly situated employees;

c) An Order designating Plaintiff's counsel of record as Class Counsel;

d) An Order pursuant to Title VII finding Defendant liable for compensatory damages in an amount according to proof and punitive damages;

e) An Order awarding the costs of this action;

f) An Order awarding reasonable attorneys' fees;

g) injunctive relief to prevent Defendant from engaging in utilizing the discriminatory practice and policy described herein;

h) an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

i) such other relief as the Court deems appropriate and necessary.

Date: April 26, 2022                    Respectfully submitted,

By: /s/ Michael Harman
Michael Harman, NCSB # 43802
Attorney for Plaintiff
Harman Law, PLLC
16507 Northcross Drive, Suite B
Huntersville, NC 28078
Telephone: (704) 885-5550
Facsimile: (704) 885-5551
E-mail: michael@harmanlawnc.com