IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-185-RJC-DCK

| | |
|---|---|
| BRADLEY P. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| SELECTQUOTE AUTO & HOME | ) |
| INSURANCE SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss/Strike And/Or For A More Definite Statement Of Plaintiff's Complaint" (Document No. 6). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be denied.

### I. BACKGROUND

Plaintiff Bradley P. Davis ("Davis" or "Plaintiff") initiated this lawsuit with the filing of a "Complaint" (Document No. 1) against Defendant SelectQuote Auto & Home Insurance Services, LLC ("SelectQuote" or "Defendant") on April 26, 2022. Plaintiff purports to bring his claim "on behalf of himself, individually, and all other similarly situated applicants of Defendant." (Document No. 1, p. 1). Plaintiff alleges that on January 15, 2021, he "applied for the position of senior sales agent with Defendant at its Charlotte, North Carolina location." Id. at p. 3. He states that he is African-American. Id. Allegedly, "[f]ollowing his successful interview, Plaintiff was extended a conditional offer of employment from Defendant on or about January 21, 2021." Id. Following the conditional offer, he "was asked to complete certain questionnaires in order to

complete a background investigation." Id. As part of his questionnaire responses, Plaintiff disclosed that he had "a misdemeanor conviction for possession of marijuana in 2006, as well as a conviction for being an accomplice to common law battery in 2007." Id.

Defendant then allegedly revoked Plaintiff's conditional employment offer following receipt of his questionnaire responses. Id. The revocation of Plaintiff's conditional offer, Plaintiff argues, was because of application of Defendant's "facially neutral policy of revoking conditional offers of employment from individuals who disclosed felony convictions." Id. at p. 4. Plaintiff contends that Defendant's revocation of his conditional employment offer was "based on the internal [policy] determination that [an applicant such as Plaintiff] would be 'unlikely' to obtain the necessary licensing from the states in which the applicant would do business and/or would not be approved by those providers for whom Defendants sells insurance products." Id. at p. 4. This practice, Plaintiff argues, has "a disparate impact upon African-Americans in violation of" Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Id. at p. 1.

On June 22, 2021, Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). Id. at p. 2. In his Charge of Discrimination, Plaintiff alleged "discrimination on the basis of race." Id. "On January 26, 2022, the EEOC issued a Notice of Right to Sue but due to a glitch in their system, it was not received by Plaintiff until April 4, 2022." Id. This lawsuit followed a few weeks later on April 26, 2022. See id.

Plaintiff brings one claim against Defendant: violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. for disparate impact race discrimination. Id. Plaintiff defines the class that he purports to represent as:

> All African-American individuals who were not provided formal offers of employment for insurance

sales positions based upon their conviction records at any time between 300 days prior to January 21, 2021 until the damages phase of trial in this matter.

Id. at p. 4.

"Defendant's Motion To Dismiss/Strike And/Or For A More Definite Statement Of Plaintiff's Complaint" (Document No. 6) was filed August 4, 2022. "Plaintiff's Response In Opposition To Defendant's Motion To Dismiss/Strike And/Or For A More Definite Statement Of Plaintiff's Complaint" (Document No. 9) was filed on August 30, 2022. "Defendant's Reply In Further Support Of Its Motion To Dismiss/Strike And/Or For A More Definite Statement Of Plaintiff's Complaint" (Document No. 13) was filed September 12, 2022.

The pending motion has been fully briefed and is now ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## II.  STANDARD OF REVIEW

**Motion to Dismiss Under Rule 12(b)(6)**

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007));  see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

**Motion To Strike Under Rule 12(f)**

Under Rule 12(f), a court can "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "Motions to strike are generally disfavored." Zahran v. Bank of Am., N.A., 3:20-CV-427-MOC-DSC, 2021 WL 2226491, at *3 (W.D.N.C. June 2, 2021).

### III. DISCUSSION

**Failure to Exhaust Administrative Remedies**

Under Title VII, an aggrieved individual must "exhaust administrative remedies before filing suit." Stewart v. Iancu, 912 F.3d 693, 699 (4th Cir. 2019). The exhaustion requirement avoids "premature interruption of the administrative process" and serves the purpose of efficiency.

McKart v. United States, 395 U.S. 185, 193-94 (1969).  In order to properly exhaust administrative remedies, a plaintiff must first file a formal complaint with the EEOC.  McCaskey v. United States Postal Service, 3:18-CV-411-RJC-DCK, 2021 WL 1537793, at *4 (W.D.N.C. Mar. 26, 2021).  Then, for a lawsuit to be timely filed in federal court, a plaintiff must "file a civil action based upon their administrative complaint [] within 90 days of receipt of notice of final agency action." Id. (quoting Stewart, 912 F.3d at 698);  42 U.S.C. § 2000e-5(f)(1);  see also Underdue v. Wells Fargo Bank, N.A., 3:14-CV-183-RJC, 2016 WL 345492, at *2 (W.D.N.C. June 20, 2016) (citing Watts-Means v. Prince George's Family Crisis Center, 7 F.3d 40, 42 (4th Cir. 1993)).  A "plaintiff's late-filed suit will be dismissed" for failure to exhaust administrative remedies "when the failure to exhaust is raised by the employer."  McLaughlin v. Barr, 2020 WL 869914, at *3 (M.D.N.C. Feb. 21, 2020).

Defendant argues that Plaintiff's Complaint should be dismissed because of what Defendant alleges to be Plaintiff's untimely filing of the instant lawsuit following receipt of the EEOC's Notice of Right to Sue letter.  (Document No. 6-1, p. 4).  It contends that Plaintiff's Complaint was filed "approximately 120 days after the notice of right to sue was issued." Id.  The undersigned does not agree.  Plaintiff filed his Complaint on April 26, 2022.  See (Document No. 1).  As Plaintiff states in his Complaint, the EEOC issued its Notice of Right to Sue on January 26, 2022.  Id. at p. 2.  Thus, Plaintiff filed his Complaint exactly within the 90-day timeframe for doing so – Defendant's arguments to the contrary are unavailing.

**Motion to Strike Class Claim**

Defendant's second argument seeks dismissal of the class claim "for failure to plead an ascertainable class and failure to establish the commonality, typicality, and adequacy prerequisites of Fed. R. Civ. P. 23."  (Document No. 6-1, p. 2).  The undersigned notes that the standard of

review for motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) applies here. Williams v. Potomac Family Dining Grp. Operating Co., LLC, 2019 WL 5309627, at *5 (D. Md. Oct. 21, 2019) ("when a defendant files a pre-discovery challenge to class certification on the basis of the allegations in the complaint only, the standard of review is the same as a motion to dismiss for failure to state a claim") (internal quotations and citations omitted). Notably, "[c]ourts rarely grant motions to strike under Rule 23[] before discovery, doing so only where '[n]o amount of additional class discovery will alter th[e] conclusion' that the class is not maintainable." Zahran, 2021 WL 2226491, at *3 (quoting Thompson v. Merck & Co., Inc., 2004 WL 62710, at *2 (E.D. Pa. Jan. 6, 2004)). In general, "it is premature to analyze class allegations on their merits in a motion to strike." Zahran, 2021 WL 2226491, at *3 (quoting Desmond v. CitiMortgage, Inc., 2015 WL 845571, at *5 (S.D. Fla. Feb. 25, 2015)). Indeed, this court has specifically stated that discovery should occur prior to deciding issues more appropriately decided at class certification. Flint v. Ally Fin. Inc., 3:19-CV-189-FDW-DCK, 2020 WL 1492701, at *3 (W.D.N.C. Mar. 27, 2020).

Based on the aforementioned case law, the undersigned will decline to recommend that the motion to strike Plaintiff's class claim be granted. Discovery is warranted so that Plaintiff can refine its class allegations prior to class certification issues being decided at this early stage. Further, Defendant's contention that the Court should strike Plaintiff's class claims because the class is "fail-safe" is similarly premature. (Document No. 6-1, pp. 7-8). At this point, it is plausible that "Plaintiff could possibly make out a certifiable class," and the undersigned will recommend that issues about whether the class is "fail-safe" and about ascertainability, commonality, typicality, and adequacy under Federal Rule of Civil Procedure 23 be left to the certification stage. Abdur-Rahman v. Wells Fargo Bank N.A., 3:21-CV-207-RJC, 2022 WL 481788, at *5-*6

(W.D.N.C. Feb. 16, 2022) ("the fail-safe problem is more of an art than a science…and often should be solved by refining the class definition rather than flatly denying class certification on that basis") (quoting Messner v. Northshore Univ. HealthSys., 669 F.3d 802, 825 (7th Cir. 2012)).

Furthermore, given that the undersigned finds that the Complaint conforms with basic pleading requirements at the motion to dismiss stage, the undersigned will recommend that Defendant's motion for a more definite statement under Rule 12(e) be denied. Williams v. Charlotte-Mecklenburg Hospital Authority, 2020 WL 12918274, at *3 (W.D.N.C. Aug. 19, 2020) ("when the complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement") (quoting Hodgson v. Va. Baptist Hosp., Inc., 482 F.2d 821, 824 (4th Cir. 1973)).

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss/Strike And/Or For A More Definite Statement Of Plaintiff's Complaint" (Document No. 6) be **DENIED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v.

7

Case 3:22-cv-00185-RJC-DCK   Document 14   Filed 03/10/23   Page 7 of 8

Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: March 10, 2023

David C. Keesler
United States Magistrate Judge