UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00185-RJC-DCK

| | |
|---|---|
| BRADLEY P. DAVIS, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | **Order** |
| SELECTQUOTE AUTO & HOME INSURANCE SERVICES, LLC, ) ) ) ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Motion to Dismiss or Strike or for a More Definite Statement filed by SelectQuote Auto & Home Insurance Services, LLC[1] (Doc. No. 6) and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 14). For the reasons below, the M&R is **ADOPTED** and SelectQuote's Motion is **DENIED**.

**I.     BACKGROUND**

No party objects to the M&R's description of the factual and procedural background of this case. Accordingly, the Court adopts that description.

**II.    STANDARD OF REVIEW**

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A), (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). However, "when

---
[1] According to SelectQuote, its name is actually SelectQuote Insurance Services. Objs. 1, Doc. No. 15.

objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

Bradley Davis claims that SelectQuote implements an employment policy that violates Title VII. Compl. ¶ 34, Doc. No. 1. Specifically, he alleges that a policy employed by SelectQuote, under which the company refuses to hire certain applicants with criminal convictions, has a disparate impact on African Americans. *Id.* ¶¶ 22, 35.

SelectQuote filed a motion asking the Court to dismiss Davis's Complaint, strike his class claim, or order him to provide a more definite statement. Doc. No. 6. The M&R recommends denying that motion. M&R 7, Doc. No. 14. As relevant here, the M&R concludes that it is too early to strike Davis's class claim for an alleged failure to satisfy Rule 23's requirements. *Id.* at 5–7. SelectQuote objects to that determination, arguing that the Court should strike Davis's class claim before the class-certification stage. Objs. 2–3.[2]

Courts "rarely make a class determination at the pleading stage." *Bigelow v. Syneos Health, LLC*, 2020 WL 5078770, at *4 (E.D.N.C. Aug. 27, 2020); *see also Abdur-Rahman v. Wells Fargo*

---

[2] Because SelectQuote objects only to the M&R's analysis of the class-certification issue, that is the only issue subject to de novo review. There is no "clear error" in the M&R's analysis of the other issues. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee's note).

*Bank N.A.*, 2022 WL 481788, at *3 (W.D.N.C. Feb. 16, 2022) ("Generally, courts do not strike or dismiss class allegations at the pleadings stage but instead allow for pre-certification discovery before making a certification decision under Federal Rule of Civil Procedure 23(c)(1)."). And here, despite SelectQuote's contention that Davis "fail[s] to plead an ascertainable class, due to lack of commonality, typicality, and adequacy," Objs. 2, it may be possible to identify class members, with little difficulty, using documentation or other evidence produced during discovery. The Complaint attacks SelectQuote's policy itself, *see* Compl. ¶ 35 (claiming that SelectQuote's "facially neutral policy had a disparate impact upon otherwise qualified applicants"), ¶ 29 (alleging that "[a]ll Title VII Class members were subject to the same discriminatory policy"), and discovery may produce evidence showing which applicants were subjected to the policy and which were not. *See Zahran v. Bank of America, N.A.*, 2021 WL 2226491, at *3 (W.D.N.C. June 2, 2021) ("Courts rarely grant motions to strike under Rule 23(d)(1)(D) before discovery, doing so only where no amount of additional class discovery will alter the conclusion that the class is not maintainable." (internal quotation marks and alterations omitted)).

Likewise, SelectQuote's assertion that Davis's proposed class definition "constitutes a fail-safe class" is premature. Objs. 9. This Court has recognized that "the fail-safe problem is more of an art than a science . . . and often should be solved by refining the class definition rather than flatly denying class certification on that basis." *Abdur-Rahman v. Wells Fargo Bank N.A.*, 2022 WL 481788, at *5 (W.D.N.C. Feb. 16, 2022) (quoting *Messner v. Northshore Univ. HealthSys.*, 669 F.3d 802, 825 (7th Cir. 2012)).

SelectQuote also challenges Davis's ability to represent some people in the class, arguing that he cannot represent individuals who are governed by a 300-day statute of limitations because he is governed by one of 180 days. Objs. 9. But SelectQuote does not explain how this fact

3

completely defeats Davis's representational capacity. Nor does it seem to prohibit him from representing at least class members who are also subject to a 180-day statute of limitations.

Since it is not "clear from the face of the complaint" that Davis "cannot and could not meet [Rule] 23's requirements for certification," *Letart v. Union Carbide Corp.*, 2020 WL 2949781, at *3 (S.D.W. Va. June 3, 2020), the Court will determine his claim's fitness for class certification at the class-certification stage, once the factual record is sufficiently developed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The M&R (Doc. No. 14) is **ADOPTED**.
2. SelectQuote's Motion to Dismiss or Strike or for a More Definite Statement (Doc. No. 6) is **DENIED**.

Signed: March 31, 2023

Robert J. Conrad, Jr.
United States District Judge