IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-185-RJC-DCK

| | |
|---|---|
| **BRADLEY P. DAVIS,** | ) |
| **Plaintiff,** | ) |
| v. | ) **ORDER** |
| **SELECTQUOTE AUTO & HOME INSURANCE SERVICES, LLC,** | ) |
| **Defendant.** | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiffs' Motion To Compel Discovery Responses From Defendant" (Document No. 22). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will deny the motion.

## BACKGROUND

Bradley P. Davis ("Davis" or "Plaintiff") initiated this lawsuit with the filing of a "Complaint" (Document No. 1) against SelectQuote Auto & Home Insurance Services, LLC ("SelectQuote" or "Defendant") on April 26, 2022. Plaintiff brings the lawsuit "on behalf of himself, individually, and all other similarly situated applicants of Defendant." (Document No. 1, p. 1).

Plaintiff alleges that on January 15, 2021, he "applied for the position of senior sales agent with Defendant at its Charlotte, North Carolina location." (Document No. 1, p. 3). "Following his successful interview, Plaintiff was extended a conditional offer of employment from Defendant on or about January 21, 2021." Id. "In connection with his conditional offer, Plaintiff was asked

to complete certain questionnaires in order to complete a background investigation." Id. As part of his questionnaire responses, Plaintiff disclosed that he had "a misdemeanor conviction for possession of marijuana in 2006, as well as a conviction for being an accomplice to common law battery in 2007." Id.

"After receiving Plaintiff's truthfully completed questionnaire, Defendant revoked its conditional offer of employment to him for the senior sales agent position." Id. The Complaint further asserts that "Defendant applied an established facially neutral policy of revoking conditional offers of employment from individuals who disclosed felony convictions based on the internal determination that they would be 'unlikely' to obtain the necessary licensing from the states in which the applicant would do business and/or would not be approved by those providers for whom Defendant sells insurance products." (Document No. 1, p. 4).

Plaintiff argues that Defendant's employment policy "had and continues to have a disparate impact upon African-Americans in violation of" Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). (Document No. 1, p. 1).

On June 22, 2021, Plaintiff filed a "Charge of Discrimination" (Document No. 1-1) with the Equal Employment Opportunity Commission ("EEOC"). (Document No. 1, p. 2). In the "Charge of Discrimination," Plaintiff, who is African-American, alleges "discrimination on the basis of race." Id. "On January 26, 2022, the EEOC issued a Notice of Right to Sue but due to a glitch in their system, it was not received by Plaintiff until April 4, 2022." Id. See also (Document No. 1-2). Plaintiff filed this action a few weeks later on April 26, 2022. (Document No. 1).

Plaintiff contends this "action is maintainable as a class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure and pursuant to Title VII." (Document No. 1, p. 4).

Plaintiff defines the class that he seeks to represent as:

> All African-American individuals who were not provided formal offers of employment for insurance sales positions based upon their conviction records at any time between 300 days prior to January 21, 2021 until the damages phase of trial in this matter.

(Document No. 1, p. 4).

Plaintiff alleges that "[a]ll Title VII Class members were subject to the same discriminatory policy of Defendant. Plaintiff and members of the proposed Title VII Class sustained similar losses, injuries, and damages arising from the same unlawful policy." (Document No. 1, p. 5).

Plaintiff brings one (1) count against Defendant: violation of Title VII for discrimination based on race. (Document No. 1, pp. 6-7).

"Defendant's Motion To Dismiss/Strike And/Or For A More Definite Statement Of Plaintiff's Complaint" (Document No. 6) was filed on August 4, 2023. The Court denied Defendant's motion. See (Document Nos. 14 and 16).

Now pending before the Court is "Plaintiffs' Motion To Compel Discovery Responses From Defendant" (Document No. 22, p. 1) filed on February 16, 2024. "Defendant's Response In Opposition…" (Document No. 27) was filed on March 15, 2024. Pursuant to Local Rule 7.1(e), Plaintiff timely informed the Court that Plaintiff would not file a reply brief. (Document No. 28).

The pending motion is now ripe for review and disposition.

**STANDARD OF REVIEW**

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

3

> expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1945). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

**DISCUSSION**

By the instant motion, Plaintiff argues that Defendant has continued to fail to provide the information necessary for Plaintiff to identify the scope of the class and to identify class members. (Document No. 22-1, p. 2). Generally, Plaintiff seeks "information on applicants for insurance sales positions during the proposed class time period" – from 2020 to the present. (Document No. 22-1, pp. 3-4). However, many of Plaintiff's requests seek information from 2019 to the present. (Document No. 22-1, pp. 4-15). Plaintiff's brief includes the discovery requests and Defendant's responses. Id.; see also (Document No. 22-2).

In support of its requests, Plaintiff contends that they "fall within the scope of the Federal Rules." (Document No. 22-1, p. 16). Plaintiff notes that "Title VII prohibits both overt discrimination, known as disparate treatment, and 'practices that are fair in form, but

4

discriminatory in operation, known as disparate impact.'" Id. (quoting Griggs v. Duke Power, Co., 401 U.S. 424, 431 (1971)). According to Plaintiff, "[t]his case involves disparate impact discrimination based on the Defendant's policy and practices on criminal convictions." Id.

Plaintiff argues that the discovery requests at issue "all seek relevant information between March 27, 2020 (300 days before January 21, 2021) and the present date." (Document No. 22-1, p. 17). Purportedly, such requests involve "individuals who have been impacted by Defendant's Criminal Convictions policy during the proposed class period," and are "relevant to class certification and to common issues of fact and law asserted in the Complaint." Id.

Finally, Plaintiff contends that "[i]t is 'the party opposing the motion [who] bears the burden of showing why it should not be granted.'" (Document No. 22-1, p. 20) (citing Carson & Roberts Site Const. & Eng'g, Inc. v. Sheehan Pipe Line Const. Co., 2015 WL 3486585, at *2 (N.D.W. Va. June 2, 2015)).

"Defendant's Response…" presents persuasive arguments for why this motion to compel should not be granted. (Document No. 27).

First, Defendant notes that Plaintiff "seeks the race of each individual who applied to or was denied . . . one of Defendant's insurance sales positions posted between 2019 and the present." (Document No. 27, p. 7). However, Defendant argues that it has repeatedly explained to Plaintiff that it has never been in possession of such information – "[s]imply stated Defendant cannot produce the applicants' racial demographic data because Defendant neither seeks, collects, or maintains applicant demographic data." Id. (citing, *inter alia*, Smith & Loveless, Inc. v. Breckenridge Corp., 2020 WL 13111137, at *6 (N.D.W. Va. Sept. 28, 2020) (holding "[t]he [c]ourt cannot compel a party to produce what is not in a party's possession, custody or control or what may not exist")).

Next, Defendant argues that Plaintiff's requests seek information on applicants who were not subject to the same Convictions Policy.  Id.   As such, Plaintiff concludes that much of the information Plaintiff seeks is not relevant.  (Document No. 27, pp. 7-9).

Defendant notes that its "Standards for Criminal Convictions Policy (the "Convictions Policy"), in place when Defendant applied to SelectQuote, prohibited Defendant from hiring an applicant with a prior felony conviction."  (Document No. 27, pp. 1-2).  "The Convictions Policy was in place to predictively assess whether an applicant would likely receive licensure from the state in which the applicant sought employment and would be able to be appointed by carriers."  (Document No. 27, p. 2).  Moreover, "the Convictions Policy impacting Plaintiff was only in place for some four months, from **November 1, 2020 to March 2021**."  Id.  (Emphasis added). "[I]ndividuals who applied before or after this period were subject to different standards and could not have suffered the same harm."  Id.

Defendant argues that "discovery in this case should be limited to applicants who were considered in the same timeframe, under the same policy, and using the same factors – that is, applicants whose potential claims have *commonality* with Plaintiff's alleged claims." (Document No. 27, p. 8).  Defendant explains that Plaintiff's allegations are distinguishable from the putative class he seeks to represent:  (1) he applied for a specific position in the Senior division;  and (2) he was subject to a Convictions Policy that was only in place for four (4) months and which applied differently to other divisions.  Id.

Defendant notes courts have held that where class claims turn on a company policy, class discovery should be limited to individuals subject to the same specific policy at issue.  (Document No. 27, pp. 8-9) (citing Moore v. Indian Harbor Ins., Co., 2023 WL 2520582, at *10 (S.D.W.Va. Mar. 14, 2023)).  In addition, Defendant avers that Plaintiff was held to the licensing requirements

6

of North Carolina, whereas other applicants are reviewed based on the requirements of their respective states.  (Document No. 27, p. 9).  In this case, Plaintiff had not been previously licensed. Id.

Next, Defendant argues that the requested discovery is not proportional to the needs of the case.  (Document No. 27, pp. 9-11).  Defendant notes that it has already

> produced more than 12,000 pages of documents on more than 2,000 applicants in its Senior Division from November 2020 through March 2021 – all of the applicants whom Plaintiff could reasonably represent as class members in this action, given the timeframe and specific parameters of the Convictions Policy.  It is indisputable that Defendant incurred significant burden and expense in collecting, reviewing, and producing this information over several weeks, including engaging a third-party vendor, diverting over 600 hours of its employees' attention to work on discovery in this matter, and conducting counsel reviews.  Indeed, the total cost of collecting these documents to date exceeds $73,000.00.

(Document No. 27, p. 10).  Defendant contends that if it is required to expand the scope of its production from the relevant four (4) month period to the proposed fifty-eight (58) month period, the burden will be much greater.  Defendant estimates its costs for the proposed production would be ten (10) times the cost of the prior production.  (Document No. 27, p. 11).

Defendant concludes that the information Plaintiff seeks to compel "is not likely to aid in Plaintiff's ability to identify putative class members or establish any requirement of class certification, [and] the expense and burden of further production outweighs the benefit of production. Id.

As noted above, Plaintiff has declined to file a reply brief in further support of the motion to compel.  (Document No. 28) (citing LCvR 7.1(e)).

Based on the record and the parties' arguments, the undersigned finds that Defendant has provided adequate responses to Plaintiff's discovery requests.  In short, the undersigned agrees

7

that the requests as worded are overly broad, unduly burdensome, and not relevant or proportional to the needs of the case. It appears that Defendant has appropriately tailored its responses to address an appropriate potential class of litigants. Notably, it appears that Defendant's responses focus on individuals:

> who (a) were hired into insurance sales agent positions within the SelectQuote Senior division (i.e., the position and Division to which Plaintiff applied) posted between November 1, 2020, and March 16, 2021 (i.e., the approximate effective dates for the November 2020 Convictions Policy), and (b) disclosed one or more felony criminal convictions in response to the Questionnaire.

(Document No. 22-1, p. 8).

The undersigned finds that Defendant's discovery responses are relevant and proportional to the needs of the case, and therefore, further production should not be compelled.

**IT IS, THEREFORE, ORDERED** that "Plaintiffs' Motion To Compel Discovery Responses From Defendant" (Document No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall jointly file proposed revised case deadlines on or before **May 15, 2024**.

**SO ORDERED**.

Signed: May 7, 2024

David C. Keesler
United States Magistrate Judge